LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GRISEL NANDUCA,
*on behalf of himself and*
*FLSA Collective Plaintiffs,*

       Plaintiff,

  v.

R & A KING CORP. d/b/a TAAM TOV,
ROBEN KATANOV and
ABBY COHEN,

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, GRISEL NANDUCA, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, R & A KING CORP. d/b/a TAAM TOV, ROBEN KATANOV and ABBY COHEN (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5. Plaintiff, GRISEL NANDUCA, is a resident of Bronx County, New York.

6. Upon information and belief, Defendant R & A KING CORP. d/b/a TAAM TOV is a domestic business corporation organized under the laws of New York, with a principal place of business located at 41 West 47th Street, New York, NY 10036 and an address for service of process at C/O Arik Eshel, CPA, 350 Vanderbilt Motor Pkwy S404, Hauppauge, NY 11788.

7. Upon information and belief, Defendant ROBEN KATANOV is the Chairman or Chief Executive Officer of Defendant R & A KING CORP. ROBEN KATANOV exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective

2

Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8. Upon information and belief, Defendant ABBY COHEN a principal of Defendant R & A KING CORP. ABBY COHEN exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired and his employment was terminated directly by Defendant ABBY COHEN.

9. At all relevant times, Defendant R & A KING CORP. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. A subclass of tipped employees have a claim improper tip pooling arrangement in which tipped employees were required to share tips with non-tipped employees in an invalid pooling arrangement mandated by Defendants. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. On or about June 2009, Plaintiff GRISEL NANDUCA was hired by Defendants and/or their predecessors, as applicable, to work as a waiter for Defendants' Taam Tov Restaurant located at 41 West 47th Street, New York, NY 10036.

16. Plaintiff GRISEL NANDUCA worked for Defendants until on or about February 2014.

17. During the employment of Plaintiff GRISEL NANDUCA by Defendants, he worked over forty (40) hours per week and over ten (10) hours per day.

18. Specifically, Plaintiff GRISEL NANDUCA worked from 10:00 a.m. to 9:00 p.m. on Mondays through Thursdays, and 10:00 a.m. to 4:00 p.m. on Fridays, for a total of 50 hours per week. Throughout his entire employment, Plaintiff GRISEL NANDUCA did not receive any

base hourly compensation from Defendants. Plaintiff GRISEL NANDUCA's only compensation were the tips he made as a waiter. Defendants willfully violated Plaintiff GRISEL NANDUCA's rights by not compensating him for his work, in violation of the New York Labor Law because GRISEL NANDUCA is a non-exempt employee who must be paid on an hourly basis.

19. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and FLSA Collective Plaintiffs.

21. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during his period of employment with Defendants.

23. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

24. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii)

maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law.

25. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendant R & A KING CORP. d/b/a TAAM TOV had gross revenues in excess of $500,000.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

31. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

32. Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

33. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

34. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

36. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

44. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

45. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

46. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

47. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

    i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    j.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 29, 2015

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

                By:     */s/ C.K. Lee*
                    C.K. Lee, Esq. (CL 4086)